# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2741 | DATE | 9/20/2002 |
| CASE TITLE | Salmi vs. Hilton Hotel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant DT Management's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is granted. The Court *sua sponte* dismissed the complaint against defendant Hugo Mejia for lack of subject matter jurisdiction. Accordingly, the complaint is dismissed in its entirety. Status hearing set for 10/1/02 is stricken. Any pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 23 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | TH ✓ courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT SALMI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D. T. MANAGEMENT, INC., )<br>and HUGO MEJIA, individually, )<br>and as its employee and agent, )<br>)<br>Defendants. ) | Case No. 02 C 2741<br><br>Honorable Judge Amy J. St. Eve<br><br>DOCKETED<br>SEP 2 3 2002 |

## MEMORANDUM OPINION AND ORDER

Defendant D.T. Management has moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that Plaintiff's Second Amended Complaint fails to meet the $75,000 amount in controversy requirement necessary to sustain diversity jurisdiction in this Court. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

## BACKGROUND

Plaintiff Scott Salmi is a resident and a citizen of the State of Illinois. (R. 6-1, Second Am. Compl. ¶ 3.) Defendant D.T. Management, Inc. is an Arizona corporation which owns the Doubletree Oceanfront Hotel ("Doubletree Oceanfront") on Sea Breeze Boulevard in Ft. Lauderdale, Florida. (*Id.* ¶¶ 4-5.) Defendant Hugo Mejia was employed by D.T. Management as the doorman at the hotel. (*Id.* ¶¶ 7-8.)

Plaintiff alleges that on March 9, 2002, he was staying at the Doubletree Oceanfront with a friend. (R. 6-1, Second Am. Compl. ¶¶ 10-11.) Salmi claims that when he returned to the hotel

1

that evening, he could not enter the locked door to his hotel room. (*Id.* ¶ 11.) Plaintiff further alleges that he requested assistance from Defendant Hugo Mejia, who was on duty at the Doubletree Oceanfront. (*Id.* ¶¶ 12-13.) Instead of assisting him, Salmi contends that Mejia assaulted him while in the hotel elevator. (*Id.* ¶ 14.) Salmi also claims that he did not provoke Mejia. (*Id.* ¶ 16.)

Plaintiff subsequently filed this suit against Defendants D.T. Management, Inc. and Hugo Mejia alleging negligence, intentional acts, assault and battery. (R. 6-1, Second Am. Compl.) He seeks to recover punitive damages in connection with his Complaint. (*Id.* ¶ 87.) Plaintiff seeks jurisdiction in this Court based on diversity of citizenship, 28 U.S.C. §1332. (*Id.* ¶ 1.)

Defendant challenges Salmi's suit on the basis that he cannot satisfy the $75,000 amount in controversy requirement mandated under 28 U.S.C. § 1332. (R. 10-1, Mot. to Dismiss.) Defendant argues that Plaintiff only suffered minor inquires at the Doubletree Oceanfront as a result of his intoxicated state, and therefore, he cannot meet the "in excess of $75,000" threshold requirement. (*Id.*)

## ANALYSIS

A.  Legal Standards

Federal courts are courts of limited jurisdiction. They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Where, as here, diversity jurisdiction is invoked, jurisdiction exists where the parties are of diverse citizenship and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. If subject matter jurisdiction is uncontested, federal courts will accept as true a plaintiff's allegations concerning the amount in controversy unless it "appear[s]

to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845.

Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges that Plaintiff's Complaint does not meet the $75,000 amount in controversy requirement. Where a party challenges the amount in controversy allegation, the plaintiff must provide "competent proof" of the amount. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995). The Seventh Circuit interprets "competent proof" to mean "proof to a reasonable probability that jurisdiction exists." *Rexford*, 58 F.3d at 1218 (quoting *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)); *Shaw v. Dow Brands, Inc.*, 994 F.2d at 366-67 & n.2. (7th Cir. 1993).

B. D.T. Management's Challenge to Jurisdiction

Although the Plaintiff has alleged in each count of the Complaint that the controversy is "in excess of $75,000," Defendant argues that Plaintiff cannot satisfy this amount because he did not sustain any calculable compensatory damages in the alleged altercation. D.T. Management attaches to its Motion and relies upon the Ft. Lauderdale police report of the incident. Officer Coffin, who issued the report, noted that he arrived at the Doubletree Oceanfront on October 10 while the EMS was treating Salmi. Officer Coffin noted that Plaintiff "Salmi had a small cut to his forehead area. EMS advised later that it was a minor cut and only need a bandaid [sic]." The report further noted that "[a]fter talking to both parties involved and witnesses and EMS it was determined that Salmi [had a] small injury" and "did not have any other red marks on his face." The reporting officer concluded that it "[s]hould be noted that Salmi was extremely

3

intoxicated and needed assistance to walk."

Plaintiff argues that the Defendant's challenge was improper because it asked the Court to consider the police report in evaluating jurisdiction. Plaintiff characterizes the police report as inadmissible hearsay. He is simply wrong. First, the Court did not need to rely upon the police report to allow D.T. Management to challenge jurisdiction. Defendant's mere challenge of jurisdiction – even without any evidence – in its Motion to Dismiss placed a burden on the Plaintiff to produce competent evidence of jurisdiction. *See McNutt*, 298 U.S. at 190, 56 S.Ct. at 785 (where allegation of requisite jurisdictional amount was traversed by the answer, plaintiff was required to come forth with competent evidence). Plaintiff has come forth with no evidence supporting his claim of jurisdiction.

Second, it is proper for the Court to consider the police report in determining whether it has subject matter jurisdiction over the controversy. The Seventh Circuit has firmly held that in jurisdictional determinations the Court may consider any evidence submitted on the issue, as well as the jurisdictional allegations in the Complaint. *See Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). *See also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) ("the district court may look outside the pleadings to other evidence of jurisdictional amount in the record."); *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (district court properly looked at evidence in assessing subject matter jurisdiction).

Third, the police report is not inadmissible hearsay. Because this is a civil – not a criminal – matter, a police officer's statements of facts and observations in his report are admissible. Fed. R. Evid. 803(8). *See also Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991); *Roth v. Nat'l Ry. Passenger Corp.*, No. 97 C 6503, 1999 WL 1270706 (N.D.Ill. Dec.

29, 1999). Accordingly, to determine whether there is a reasonable probability that the amount in controversy exceeds $75,000, the Court may consider the police report. Given that the police report is the only evidence in front of the Court on jurisdiction, Salmi has failed to demonstrate that the amount in controversy requirement is satisfied.

C.     Punitive Damages Allegations

Plaintiff has not provided "competent proof" to meet his burden of demonstrating the requisite amount in controversy. *McNutt*, 298 U.S. at 189, 56 S.Ct. at 785. Instead, he argues that he satisfies the jurisdictional requirement because he is entitled to recovery of punitive damages that could result in a verdict in excess of $75,000.

When considering punitive damages in assessing the jurisdictional amount in controversy, the Court follows a two part inquiry. The Court must first determine whether punitive damages are recoverable as a matter of state law. *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974). If so, the Court has jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Id.*; *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995).

Illinois law generally does not favor punitive damages. *Brandon v. Anesthesia & Pain Mgmt. Assoc., Ltd.*, 277 F.3d 936, 946 (7th Cir. 2002). They may be awarded, however, where "torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Id.* (quotations and citations omitted). Salmi has pled that the Defendants acted "intentionally," thus punitive damages are potentially recoverable under Illinois law if Salmi can prove what he has alleged.

5

Plaintiff cannot meet the second part of the *Risse* inquiry, however. Even assuming Salmi can recover punitive damages, "[w]hen a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." *Anthony v. Security Pacific Financial Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Plaintiff does not establish by a reasonable probability that he suffered more than minor injuries during his altercation at the Doubletree Oceanfront. If Plaintiff can recover punitive damages in this case, he would have to recover multiple times his actual damages to satisfy the $75,000 amount. Such a recovery certainly would "stretch[] the normal ratio, and would face certain remittur." *Id.* at 317-318 (citing *DeRance, Inc. v. PaineWebber, Inc.*, 872 F.2d 1312, 1329-30 (7th Cir. 1989)). Plaintiff's mere hope for an extreme punitive award cannot be the sole basis for jurisdiction. *See id.* at 318 (no subject matter jurisdiction where average class action plaintiff would have to recover more than 17 times the compensatory damages amount through punitive damages to reach requisite amount). With no competent evidence offered to support his claim for compensatory and punitive damages in excess of the requisite $75,000, Plaintiff has failed to establish proof to a reasonable probability that subject matter jurisdiction exits. Accordingly, Salmi's Complaint is dismissed.

D. Defendant Hugo Mejia

Defendant Mejia did not join in the Motion to Dismiss.[1] Federal courts, however, are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal

---

[1] No one has appeared for Defendant Mejia in this case. It is unclear if he has been served.

6

jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 572, 50 L.Ed. 471 (1977). For the reasons stated above, subject matter jurisdiction does not exist with respect to the case against Defendant Mejia. Accordingly, the Court dismisses the case against him.

## CONCLUSION

Defendant D.T. Management's Motion to Dismiss for lack of subject matter jurisdiction is granted. The Court also dismisses the Complaint against Defendant Mejia for lack of subject matter jurisdiction. Accordingly, the Complaint is dismissed in its entirety against all Defendants.

Dated: September 20, 2002	ENTERED

*[signature]*
AMY J. STEEVE
U.S. District Court Judge